IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ESTWING MANUFACTURING COMPANY, )
INC., )
 )
       Plaintiff, )
 )
  v. ) No. 11 C 2139
 )
CTT TOOLS, INC., )
 )
       Defendant. )

## MEMORANDUM ORDER

CTT Tools, Inc. ("CTT") has filed its Answer, Affirmative Defenses ("ADs") and Counterclaims to the trademark infringement Complaint brought against it by Estwing Manufacturing Company, Inc. ("Estwing"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleadings.

To begin with, each time that CTT advances a technically correct disclaimer of the type authorized by Fed. R. Civ. P. ("Rule") 8(b)(5)(Answer ¶¶1 and 3 through 11),[1] that disclaimer is followed by the clause "and based upon the lack of knowledge or information, denies these allegations." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? Accordingly the quoted clause is stricken from the Answer wherever it appears.

---

[1] No view is expressed here, of course, as to the accuracy of CTT's assertions in those disclaimers.

Next, CTT's laundry list of ADs is totally at odds with the concept of notice pleading that underlies the Rules and is applicable to plaintiffs and defendants alike. Any claimed ADs that are advanced in the subjective and objective good faith demanded by Rule 11(b) must be fleshed out sufficiently to bring notice home to Estwing and to this Court, so that the ADs may be dealt with effectively, either by disposition on their face or by the establishment of briefing schedules. In addition, any purported AD that is at odds with the obligation to accept Estwing's allegations as true for that purpose (see App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) adds nothing to the mix and should be omitted. In summary, all of the present ADs are stricken, but with leave granted to file any proper replacement ADs on or before June 1, 2011.

Finally, much of what is set out in CTT's Counterclaims is simply the flip side of Estwing's Complaint and also adds nothing to the mix. There is really no point in cluttering up the file with pleadings that seek a declaratory judgment whose questions will necessarily be answered by the substantive judgment that will be issued in response to Estwing's Complaint. Accordingly the Counterclaims in their present form are also stricken, but

again with leave to file a more focused pleading if need be.[2]

No charge is to be made to CTT by its counsel for the added work and expense incurred in correcting the matters referred to here. CTT's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: May 18, 2011

---

[2] For example, the prayer for cancellation of Estwing's trademark registration advanced in the first Counterclaim is more than a mirror image of the Complaint, while by contrast the prayers for declarations of invalidity and noninfringement add nothing.

3